UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>JASON JOHN FUHR,<br><br>        Defendant. | CASE NO.   CR 05-391 RSM<br><br>DETENTION ORDER |

Offense charged:   CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCES

Date of Detention Hearing: November 22, 2005

      The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Ron Friedman and Rich Cohen.  The defendant was represented by Robert Leen.

//

//

DETENTION ORDER
PAGE -1-

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the drug offense of Conspiracy to Distribute Controlled Substances.

The maximum penalty is in excess of ten years.

There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons: Using the factors below, under Title 18 § 3142 (g), the Court considered the following:

(a) <u>The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug</u>. Here, the Defendant Jason Fuhr is alleged to have been significantly aided by his brother, co-defendant Ian Fuhr, the leader of this conspiracy to distribute cocaine, cocaine base and oxycodone and marijuana. This conspiracy was investigated through the use of a court-authorized wiretap. On the wiretap this defendant was heard describing himself as "strapped" meaning that he possessed a firearm, in this case a 9-mm Luger. He is also heard as assisting co-defendant Michael Cox by using false identity to obtain oxycodone.

(b) <u>The weight of the evidence</u>. Inasmuch as an electronic wiretap was used in this case with evidence of the defendant's voice recorded, along with the use of confidential informants who had direct contact with the defendant, the weight of evidence against this defendant is strong.

(c) <u>The history and characteristics of the person</u>, including:

The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether at the time of the current offense or arrest, the person was on probation, on parole, on other release pending trial, sentencing, appeal, or completion of sentence of an offense under Federal, State, or local law.

Here, the Government points to the defendant's involvement in the 74 Hoover Crips as indicative of his alignment with criminal behavior and thus untrustworthy character.

(d) <u>Risk of danger to the community</u>.

Here the government argues that in addition to the risk of continued involvement in drug sales and trafficking, this defendant poses a danger of committing violent crimes against others. On the wiretap his brother Ian *authorizes this defendant to kill* someone who owes Ian Fuhr money for drugs. This defendant was involved in a Beacon Hill shooting as a key witness but failed to cooperate in the prosecution, so the crime remains unsolved. He recently possessed a 'loaded' Ruger when his home was search pursuant to warrant, along with $300,000 in cash.

(3) Based upon the foregoing information which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the

DETENTION ORDER
PAGE -3-

community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 25th day of November, 2005.

_____
MONICA J. BENTON
United States Magistrate Judge